**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Dorothy R. HENDERSON, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**George Henderson, Jr., Defendant— Appellant.**

No. 01–10171, 01–10173.

D.C. No. CR–99–00294–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2002.

Decided Oct. 1, 2002.

Before HALL, KOZINSKI and McKEOWN, Circuit Judges.

MEMORANDUM *

1. IRS agents violated Fed.R.Crim.P. 41(d) when they failed to give the Hendersons a copy of the search warrant upon their return home while the search was still in progress. *United States v. Gantt,* 194 F.3d 987, 994 (9th Cir.1999). Nevertheless, the violation was harmless because none of the evidence seized after the Rule 41(d) violation—computer files in the Hendersons' computers—was introduced or otherwise used at trial. *See* Fed.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

R.Crim.P. 52(a); *Neder v. United States,* 527 U.S. 1, 7–8, 15–16, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

2. In determining the Hendersons' sentences, the district court found that their fraudulent tax scheme cost the government at least $10 million in tax losses. This figure was "a reasonable estimate based on the available facts." USSG § 2T1.1 cmt. n. 1. The government made reasonable efforts to verify that the losses stemmed from activities related to the Hendersons' activities rather than from unrelated sources. It also offered extensive testimony before the district court to this effect. While the government's methodology might have overestimated the amount of tax losses in certain situations, it also produced known underestimates in others. The district court did not clearly err in finding that, after the various over- and under-estimates were taken into account, the total tax losses were at least $10 million. *See United States v. Barnes,* 125 F.3d 1287, 1290 (9th Cir.1997).

3. The Hendersons argue that, because the amount of tax losses has "an extremely disproportionate effect on the sentence relative to the offensive conviction," the district court should have required the government to prove the sentencing factors by clear and convincing evidence. This argument was forfeited because it was not raised before the district court. *See United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In any event, the district court did not err. *See United States v. Johansson,* 249 F.3d 848, 855 (9th Cir.2001) ("[D]ue process does not require the application of the clear and convincing standard when the extent of the conspiracy caused the tre-

mendous increase in sentence." (internal quotation marks omitted)).

AFFIRMED.